1  Todd M. Friedman (SBN 216752)
2  Adrian Bacon (SBN 280332)
   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
3  324 S. Beverly Drive #725
4  Beverly Hills, CA 90212
   Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
7  *Attorneys for Plaintiff*

8  Stephen H. Turner (SBN 89627)
   Larissa Nefulda (SBN 201903)
9  LEWIS BRISBOIS BISGAARD & SMITH LLP
10 Attorneys for Defendant
   **633 W. 5th Street, Suite 4000**
11 **Los Angeles, CA 90071**
12 **T: 213.580.7933**
   **F: 213.250.7900**
13 *Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARTER WILLIAMS, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant | CASE NO.: 8:15-CV-0265-JLS-DFM<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>**Honorable Josephine L. Staton**<br><br>**Courtroom: 10-A** |

4845-1581-1636.2

**1**
**JOINT RULE 26(f) REPORT**

Plaintiff, JOHN CARTER WILLIAMS, and Defendant, ENHANCED RECOVERY COMPANY, LLC, hereby submit their Amended Joint Rule 26(f) Report pursuant to the Honorable Court's June 21, 2016 Order, after meeting and conferring pursuant to *Fed. R. Civ. Proc.* 26.

A. <u>Statement Of Case</u>

**Plaintiff**

Plaintiff brings nationwide class-action claims against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, et seq., alleging that Defendant placed telephone calls to his cellular telephone and the cellular telephones of similarly situated consumers, using an automatic telephone dialing system or an artificial or pre-recorded voice, without their prior express consent, for non-emergency purposes.

**Defendant**

On December 2, 2014, Defendant contacted Plaintiff at a telephone number ending in -7056, in connection with an account placed with it for collection by its customer, AT&T. Defendant contends that the call to telephone number ending in -7056 was placed **manually**, and not made using an automatic telephone dialing system or an artificial or pre-recorded voice. Accordingly, the TCPA is inapplicable. Further, Defendant had prior express consent to call Plaintiff and members of the putative class, on their cellular telephones.

B. <u>Legal Issues</u>

None at this stage.

4845-1581-1636.2

**2**
**JOINT RULE 26(f) REPORT**

## C. Damages

Plaintiff seeks statutory damages of $500.00 per each negligent violation of the TCPA and $1500 for every willful violation of the TCPA, in addition to declaratory and injunctive relief.

## D. Insurance

**Plaintiff**

Plaintiff is not relying on insurance to prosecute this matter.

**Defendant**

Based on ERC's present insurance and applicable self-insured retention, the amounts at issue for the class representative's claim do not implicate an insurance carrier which would be liable to satisfy part or all of any likely judgment which may be entered in favor of the class representative, or to indemnify or reimburse for payments made to satisfy any such judgment. In the event a class is certified in this action, Defendant will assess potential coverage and make appropriate disclosures at that time.

## E. Motions

**Plaintiff**

Upon completion of discovery, Plaintiff intends to file an amended Motion for Class Certification by January 3, 2017; with Plaintiff's Local Rule 23-3 deadline set for May 27, 2015, Plaintiff filed a Motion for Class Certification, asking the Court to stay its ruling pending the completion of discovery, to preserve his rights under FRCP 23 and LR 23. Plaintiff also reserves the right to file any and all motions otherwise available to him during the course of litigation.

**Defendant**

Defendant intends to file a Motion for Summary Judgment. Defendant will be filing a Motion to Bifurcate Discovery to seek the Court's intervention to control

and regulate the production of discovery in this matter.  Specifically, Defendant will move this Court to enter an order limiting discovery to the claims of the named Plaintiff only, until it is determined whether he has standing to assert any claims under the Telephone Consumer Protection Act.  Plaintiff will not oppose Defendant's Motion to Bifurcate.

### F. Manual for Complex Litigation

The parties believe that the manual for complex litigation does not need to be utilized in this case at this stage.

Plaintiff does not agree to bifurcated discovery, as the class and merits discovery significantly overlap and bifurcation would result in duplication of written and oral discovery.  While Plaintiff does not agree to bifurcated discovery, Plaintiff will not oppose Defendant's Motion to Bifurcate Discovery.

Defendant believes that discovery should be bifurcated because Plaintiff's claim has no merit as the only call that Defendant placed to telephone number ending in -7056 was placed **manually**, and was not made using an automatic telephone dialing system or an artificial or pre-recorded voice.  Moreover, Plaintiff expressly consented to being contacted by, or on behalf of, his telephone carrier through the use of an automatic telephone dialing system and, therefore, the factual issue of whether or not such a system was used to make the single call to Plaintiff at issue in this case is moot.

### G. Status of Discovery

On July 23, 2015, Plaintiff's counsel served discovery requests on Defendant, requesting information related both to the claim of the individual named Plaintiff, John Carter Williams, and to issues pertaining only to certification, and the claims, of the proposed class.

Plaintiff's discovery requests sought an abundance of information, such as

multiple documents containing information regarding every call placed by Defendant, nationally, during the last four years.

On September 4, 2015, Defendant sent Plaintiff's counsel a letter requesting that Plaintiff consent to limit its discovery requests, at this time, to those seeking information on the two issues bearing on whether the named Plaintiff possesses standing to assert claims under the TCPA, either individually or on behalf of a class. These issues are whether the equipment used to place the call to Plaintiff is an ATDS and whether Plaintiff had consented to receive calls made via an ATDS.

Since September 22, 2015, counsel for the parties have met and conferred multiple times regarding the scope of discovery and the proposed bifurcation of discovery. Counsel for Plaintiff agreed to postpone the deadline for Defendant to respond to his discovery requests to allow for Defendant to obtain documents in response to a third-party subpoena to AT&T, which documents Defendant asserts will establish Plaintiff's lack of standing. However, there have been delays in obtaining a response to the subpoena. Plaintiff does not believe these documents will have any bearing on his standing as the "called party" under the standards set forth in the FCC's 2015 Order, and applicable case law. Plaintiff believes the case should proceed with class discovery, but does not oppose Defendant's request to bifurcate these issues.

### H. Discovery Plan
**Plaintiff**

Plaintiff intends to issue written discovery regarding all claims at issue, and take multiple Rule 30(b)(6) depositions. Specifically, Plaintiff will issue discovery primarily focused on Defendant's telephone dialing systems, proof of prior express consent and Defendant's outbound dial list. Plaintiff will also issue third party discovery on any parties identified in Defendant's Initial Disclosures that was involved in the dialing process. Plaintiff will take at least one Rule 30(b)(6)

1  deposition on the above topics, amongst others.

2  **Defendant**

3  Defendant intends to serve written discovery and take Plaintiff's deposition
4  regarding Plaintiff's allegations and damages.

5  The parties propose that the parties be given until December 19, 2016 to
6  complete discovery.

7  The parties propose the following dates for expert discovery: 1) Initial
8  Disclosure**- January 3, 2017**; 2) Rebuttal Disclosure**- January 31, 2017**; and 3)
9  Expert Discovery Cut-Off**- February 24, 2017**.

10

11 **I. Discovery Cut-Off**

12  The parties propose a fact discovery cut-off of **December 19, 2016**.

13

14 **J. Dispositive Motions**

15 **Plaintiff**

16  While Plaintiff does not presently intend to file any dispositive motions, he
17  reserves the right to do so.

18 **Defendant**

19  Defendant intends to file a Motion for Summary Judgment.

20

21 **K. Settlement/ADR**

22  The parties prefer to privately mediate this matter under ADR Procedure No.
23  3, per LR 16-15.4.

24

25 **L. Trial Estimate**

26  Plaintiff estimates that trial of this case would take between 7-10 days.

27
28

4845-1581-1636.2

**6**
**JOINT RULE 26(f) REPORT**

### M. Trial Counsel

**Plaintiff:** Todd M. Friedman and Adrian R. Bacon.

**Defendant:** Larissa G. Nefulda and Stephen H. Turner. Scott S. Gallagher of Smith, Gambrell & Russell, LLP intends to seek *pro hac vice* admission.

### N. Independent Master or Expert

While the parties do not require an independent master or expert for this case at this stage, they reserve the right to request the appointment of an independent expert or master, should discovery disputes warranting such involvement arise.

### O. Other Issues

None.

Dated: July 8, 2016

By: /s/ Adrian Bacon
Todd M. Friedman
Adrian Bacon
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

Dated: Dated: July 8, 2016

By: /s/ Larissa Nefulda
Stephen H. Turner
Larissa Nefulda
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorneys for Defendant